Five from the Western District of Missouri, Trey Neal v. Navient Solutions et al. Good morning, your honors. Thank you for your time and consideration today. It's very much appreciated. As you know, we're here on the denial of a motion to compel arbitration. And this matter, I think, is considerably more straightforward than the district court's order would suggest. There is a single claim for breach of contract brought against appellants as successors to J.P. Morgan Chase through the sale of Pelley's student loan. There is a broad arbitration agreement in the credit agreement that Mr. Neal signed, which the district court improperly construed as very narrow. Fundamentally, Neal agreed to arbitrate any and all claims related to the student loan and the credit agreement, and the sale of the loan does not change that obligation. And when you read the agreement as a whole, the language expressly contemplates that there would be successors or assigns to that credit agreement, student loan, and it calls for arbitration. So as in any matter involving arbitration, it's a factual issue. And the first thing we take a look at the language. So in the introductory paragraph to the credit agreement, the definitions include the terms you and your, to mean basically the borrower and any co-signers, and then the terms we, us, and your to mean Chase and its successors and assigns and any other holder of this agreement. Then in the arbitration provision itself, just the relevant portions, it applies to any claim or dispute between you and us, or our employees, agents, successors, and assigns, and also including any such relationship with third parties who did not sign this agreement. For the sale of the loan, as confirmed by the record, Jamestown Funding Trust is the owner of the loan. That is an entity related to Navient Credit Finance Corporation, which is the main defendant, and Navient Solutions LLC is the servicer of the loan. Mr. Neal alleged that Navient Credit Finance was the owner and Navient Solutions was the servicer, so those are essentially parallel facts and allegations. So given those facts and the allegations, a reasonable reading of the phrase successors, assigns, and any other holder of the note would cover these entities. But in essence, the district court read this phrase to only include the subsequent owner of the loan, Jamestown. So from the district court's perspective, only Jamestown, not named as a party, would be entitled to enforce the arbitration provision. Counsel, what was wrong with the district court's interpretation, which I understand essentially said that the contract established that the two main parties, the maker of the loan and the debtor, that what you have, those two can, they have the right to arbitration, and either one can declare it. But the later portion simply describes the types of disputes that can be arbitrated as opposed to who is able to actually trigger arbitration. Why is that interpretation legally inaccurate? There are two reasons. The first is that based on the district court's interpretation, only the owner of the loan, Jamestown, would be entitled to enforce. That's the only entity that would be entitled to enforce, not also the servicer. And that interpretation reads out successors and assigns, and also ignores that these terms are plural, not singular, contemplating more than one company being involved in the overall relationship, this lending relationship. And it creates a conflict with the arbitration provision, which applies to all claims between you and us or our employees, agents, successors, and assigns. So in other words, this language as drafted is actually quite broad and is intentionally broad, contemplates subsequent relationships and expanded relationships, and the district court interpreted it so that only Jamestown, the holder of the note, could enforce the arbitration provision. And that's the central problem. And that is the central problem, and that then gives rise to all the other arguments that we see here. Does that answer your question? Yes, you've given me your position on it. Yes, thank you. Neither of you asked to add Jamestown to this case, huh? Your Honor, we do believe that Jamestown, if this case is going to proceed at all, is the only properly named defendant if this is the position. Right, right, right. But you didn't move to add them. You know, there's impleed, interpleed, all kinds of pleading. You didn't move to add them, right? No, we didn't move to add them. I think we would move to dismiss. If the arbitration issue, either there's a successor to the contract and the contract is binding or it's not. So if we have the improperly named defendants here who are not successors, then I think that the court should entertain a motion to dismiss. And that's sort of the conundrum here. You can't have it both ways. On a claim for breach of contract, you have to name the parties that are parties to the contract. And so those positions are conflicting, and we did address that in our briefing and also in connection with the post-pleading evidence issue raised by Bryce. Are there any further questions on those points? I see none. Okay. Um. So in connection with the remaining issues, the interpretation I think we have just discussed, but just very briefly, on the standard of review, Mr. Yale urges an abuse of discretion standard. I think it's very clear that in the Eighth Circuit, the review must be de novo, and that's based on and also later cases, including one from Justice Smith, Dixon v. Gospel for Asia Inc., that was in 2017. We also believe that the district court failed to carry out the full analysis under Bryce with respect to post-pleading evidence. So the court found that the admission was in the record that these defendants are successors to the Chase entity, and at that point, those should have been required to move to amend. If he did not move to amend, actually refuses to move to amend, and will not name the appropriate successor party. Counsel, that part of this case, I'm interrupting you to say that part of this case is definitely abuse of discretion, right? The Bryce case solely rests on Judge Limbaugh, in that case, abuse of discretion finding, and the court clearly says that if he'd gone the other way, they would have also affirmed it. On the issue of whether to allow Lee to amend, it's absolutely correct. Correct. Absolutely right. So abuse of discretion applies there, and so what does that mean for you? The point about the abuse of discretion standard is that it applies directly to that issue, but not to your consideration of denial of a motion to compel arbitration. That's de novo. That's all. Okay. Okay. And then in terms of the substance of the principles applied by the district court, expressio in this was not briefed or raised. We came up with the hearing in passing it at the court's suggestion, and as we have detailed in our papers, this applies when there's a sensible inference that a term was to be excluded, and the primary issue here is that the court would not allow the servicer, which is the one that actually applied the interest rate that's being challenged here, would not allow the servicer to enforce the arbitration provision, notwithstanding the language above. It would only be Jamestown as the owner, and I sold the loan under that interpretation. Its own agents would not be included within the scope of enforcing the arbitration provision, and that does not make sense from a practical perspective, but also as we've addressed, there's no strong contrast between us and an agent, between a principal and an agent. As a matter of just fundamental agency principles, those entities would essentially be treated as one and the same. Let me interrupt you again, counsel. Your time's getting close, and you haven't mentioned alternate estoppel. Missouri has nothing like that, I think. At least, we don't call it that. Tell me how that would work. Since we have only the contract claim here, because the claim is absolutely intertwined with the terms of the contract, and specifically the applicable interest rate, this is an alternative basis upon which these appellants can take advantage of the arbitration provision. In other words, if you base the claim on the contract, absolutely an integral part of the case, then the arbitration provision as part of that contract also applies. By alternate estoppel, they just enforce the arbitration provision, right? A non-signer, yes, can enforce the arbitration provision, but that gets a little bit tricky when Mr. Neal argues about the counter presumption that applies to arbitration. There's no such counter presumption. The cases that he cites there, that's where Mr. Neal has signed the agreement, but the plaintiff in those other cases did not that's the distinction between those two pieces. Does that answer your question? Okay, I'll reserve the rest of my time for rebuttal. Thank you, Ms. Simonetti. Mr. Perotti? Mr. Perotti, is your mic open? Mr. Perotti, please proceed. Mr. Perotti, I believe your mic must still be muted. This is the clerk in the courtroom. Our suggestion is to disconnect from the meeting and rejoin using the link. That might help with the audio. Thank you. Can you hear me, sir? Yes, we can. Thank you. I'm very sorry. Thank you very much, sir. May it please the court, my name is Patrick Perotti with Dworkin and Bernstein, and I am here with my co-counsel James DeRoche. Thank you very much for giving us the courtesy of this oral argument, and I'm proud to be appearing for the first time in this circuit. As one of the, I think Judge Smith said, we're talking about the issue of the language of the arbitration clause. And in fact, in Nebraska Machine versus Cargo Tech, the 8th Circuit indicated that there's two threshold questions. Number one, does a valid arbitration agreement exist between the parties? And number two, then, whether such agreement, if it has been proven to exist, covers the scope of the dispute in question. The district court here correctly focused on the very first question. And on the first question, the defendant has the burden of And on the first question, at least in Ohio, and this arguably is governed by Ohio law, we do use what is called a counter-presumption against arbitration. And that is because the Ohio courts, including the Ohio Supreme Court, the largest court of appeals in Ohio, the 8th Appellate District for Cuyahoga County, which is Cleveland, has indicated that arbitration is a matter of contract. And you must first show that the parties sought to be directed to arbitration agreed to do so. Not the issue of what they agreed to. That is a broad presumption. But you first have to decide in a narrow fashion, did they agree to arbitrate? And in this case, it's very clear that the language of the contract, although Miss Simonetti says, boy, it makes no sense. Why would they put agents and servicers and so forth in there? The answer is, we don't know. Chase wrote the contract, and Chase decided what words to use. Chase specifically chose, knowing we would have servicers, not to include servicers in that language. Were you mentioning the design group case? Is that what you're relying on? No, sir. I am relying on the Spalding case, the Mason case, the Miller case, all of which have a very clear statement, and that statement is, and I will quote, Arbitration agreements apply to non-signatories only in rare circumstances. The party moving for arbitration has the burden of establishing the existence of an enforceable arbitration agreement between it and the party against whom it seeks enforcement. Well, counsel, the Fields case, the Short case, those are Ohio Court of Appeals cases, and they say arbitration may be compelled by a non-signatory against a signer if there's a close relationship, intertwined, founded in the same contract obligations. Why doesn't that apply here? Because, sir, none of those cases involve a situation in which the arbitration agreement itself contained an enumeration, a listing of who could request arbitration. It simply said arbitration may be compelled on any of the following disputes. It didn't have a separate provision that said you and you and you may compel arbitration. This has a two-step process. The first is, who can compel arbitration? The second is very broad, what may be compelled? And in all those cases, there's no question that those persons were within the what may be compelled, and there was no restriction about who could compel. I would move that very quickly to the idea of there's no conflict. These clauses do not conflict with each other, as the District very consistent, and the interesting thing is, we asked, we're here, and we're sorry we're here, we asked for discovery four times from the Defense Council. We said give us the records of these transactions. If you say there's these transfers, because remember when my client first got these papers, they got a paper that says, hello, we're Navient, we own your loan. Turns out that was a complete lie. Navient does not own the loan. There's no allegations in this complaint that Navient was the successor or the assigned, even though the opposing counsel says there is. You can read the third amendment complaint. Those are not in there. The situation here is that we do not have an arbitration agreement that they can enforce, and on the issue of a stopper, as your honor said, it's unusual here. In the cases that they're citing, you have a judicial admission by one party, and then evidence that comes in that contradicts that admission, and she cites Eighth Circuit law that says in those circumstances, a party can ask to withdraw or to amend. Of course, this is a little different. Here, the District Judge correctly said, we have two judicial admissions. We have Perotti says A, and Simonetti says not A, and so the question is, why isn't Simonetti bound to amend her statement to the court that only Jamestown is the company that should be sued? When they're saying, oh no, we said that Navient was the owner. We should be bound by that. Well, after we said that, they said that that wasn't true, and so there's no case law that where a court is faced with two judicial admissions conflicting between the parties, it should bind one of them and not the other. In this case... Counselor, you agree this is abuse of discretion on both of those points? Absolutely, and the District Court did not abuse its discretion. Once she said, and I think I could quote some very terse language, and it says defendants too are bound by their representations to this court, and that's on page seven of the judge's opinion. Counselor, why would you want to add the other company to this case? As the Defendant's Counsel indicated in the briefing, when we filed the case, we thought the set of facts were X. As we move along, we're discovering they're not X. There's all different facts that we weren't aware of, and we expect that when we get to the District Court, assuming that allows us to do so, we're going to be proceeding on an Ohio cause of action called unjust abrishment, and that is a cause of action in which the party that received the money, regardless of whether they are under a contract, can be forced to disgorge the money if it was obtained illegally. The money here was obtained in violation of an Ohio statute that says, not the contract, a statute that says no party may agree, that's my client and all the other class members, no party may agree or stipulate to an interest rate that exceeds X, and that's one of those statutes where the legislature says we don't care if you guys want to try to do it, we don't care if they convince you to do it, we're still going to protect you. That's not happening in this state, and that's what we're dealing with here is we're dealing with a mega corporation that is visiting interest rates on people who can barely afford to pay the principal so that these people end up ending Jamestown because you thought you might prevent arbitration. Well, that would also be a good decision on my part on behalf of the class, I think. We didn't know about that, but we do now. If there are no other questions, then thank you very much, General, I appreciate it. Thank you, Mr. Perotti. Ms. Simonetti, Gary Burrell. All right, Your Honor. With respect to the argument that there is no arbitration agreement, if there is no arbitration agreement, there is no agreement here at all. The promissory note is a single obligation. It is a contract that contains these various provisions, they can't sue on that contract and then disavow the arbitration provision contained within it. With respect to this notion of the counter presumption against arbitration, obviously, the Federal Arbitration Act contains a very broad federal policy in favor of arbitration, which Ohio law cannot contradict. We've also addressed these cases in detail, including Spassberger at pages 8 through 13 of our brief, and they do not support this position whatsoever. Meanwhile, back to the language and the fact that the district court construed the agreement as enforceable only by Jamestown, the absent party. The language is successors, assigns, and any other holder of the note. Jamestown is the holder of the note, and it's related to a Navient Company, so this argument that there's some sort of inaccuracy here is not correct, but the language is successors, assigns, and any holder of the note. On that basis alone, simply construing it to include only the holder, it just has to be wrong. Successors and assigns must have meaning, and here we have alumni to sold, and there are successors and assigns to the various parts of this relationship. I don't think that Chase had to include in that phrase, and servicers, and employees, and third-party vendors, and everything else, because that is encompassed successors, assigns, and then within the scope of the arbitration provision itself, which also is stated in the OR. There's the OR, claims with respect to agents, employees. There is no reason to include the servicer itself as the only other entity that would be permitted to enforce the arbitration provision, so that is not a point that we're making at all. With respect to adding Jamestown, there's nothing that we can do to get Jamestown added to the case. Plaintiffs would have to do that, of course, and I do think... Counselor, that's surely not true under the Federal Rules of Civil Procedure that you can't add them to the case. That's point taken, Your Honor. You're right about that. You're right about that. It would be unusual for us to do that. Yes, true. And the reason it's not being added is because it's not squarely within the scope of this order. It would compel arbitration. That would be the absolute result. Do you want to address the opposing counsel's point that the fields case and the short case that sound like arbitration can be compelled by a non-signer, in those he says it wasn't identified like it is here, exactly who could, and it was just a broad arbitration clause? I think that's, again, that's construing the language incorrectly. That goes back to the district court's conclusion. This language, this specific language says successors, the signs, and any other holder of the notes. I'm asking a different question. If you don't know, you can do the 28J letter to which your counsel could respond. Do you know about the facts of the fields and short case on that point? Your Honor, I can't recall those right at this moment. Well, the 28J if you want to, and the other counsel can reply because my reading of the broad in those cases, but your opposing counsel has a point on it too. Thank you for the answer. Okay. Thank you, Your Honor. I'm looking forward. All right. Thank you, counsel, for both parties for your participation in the argument this morning. We appreciate the help you